UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT

'19 FEB 15  AM 10: 03

S.D. OF N.Y.

------------------------------------------------------------------------x

Irina Galanova, Peter Gitzis, by his next friend, Irina Galanova,

                      Plaintiffs,

          – against –                            **COMPLAINT**

Vlad Portnoy, The Beinhaker Law Firm LLC,
Law Offices of Vlad Portnoy, P.C., Adam C. Wilner,         **JURY DEMAND**
Harvey L. Greenberg, Greenberg & Wilner, LLP,
Krysta L. Berquist, Steven Banks, as Commissioner
of the Department of Social Services of the City of New York,
Loren Baily-Schiffman, JPMorgan Chase Bank, N.A.,  **19 CV 01451**
Alla Sherbakov and Igor Sherbakov,

                  Defendants.        **JUDGE KOELTL**

------------------------------------------------------------------------x

      Plaintiffs, Irina Galanova ("Galanova") and Peter Gitzis ("Gitzis"), in their complaint against Defendants Vlad Portnoy ("Portnoy"), The Beinhaker Law Firm LLC ("Beinhaker"), Law Offices of Vlad Portnoy, P.C., Adam C. Wilner ("Wilner"), Harvey L. Greenberg ("Greenberg"), Greenberg & Wilner, LLP, Krysta L. Berquist ("Berquist"), Steven Banks, as the Commissioner of the Department of Social Services of the City of New York ("Banks"), Loren Baily-Schiffman  ("Baily-Schiffman"), JPMorgan Chase Bank, N.A.("JPMC"), Alla Sherbakov and  Igor Sherbakov allege upon information and belief, as follows:

<u>SUMMARY OF CLAIM</u>

1.     This is an action for equitable relief and damages based upon the Defendants' violation of Plaintiff 's rights under the Americans with Disabilities Act of 1990 Title II §35.130, §35.134 and §35.160; 42 U.S.C. §§ 407, 1981, 1982, 1985 and 1986; 18 U.S.C. §§ 1951, 1957, the Due Process clauses of the 14th Amendment to the United States Constitution, U.S. Const. Amend. XIV, §1, N.Y. Soc. Serv. Law § 22 and its implementing regulations,  and to recover treble damages under the New York Judiciary Law § 487.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343. This action
is authorized by 42 U.S.C. § 1983 as an action seeking redress of the deprivation of
statutory and constitutional rights under color of law.

3.     Venue lies in this district pursuant to 28 U.S. C. § 1391(b) and § 1332 .

## PARTIES

4.     Plaintiff Galanova is residing in the City of New York, Brooklyn.

5.     Plaintiff Gitzis is residing in the City of New York, Brooklyn.

6.     Defendant Vlad Portnoy is an attorney licensed to practice law in the State of New York,
and a partner in the professional corporation Law Offices of Vlad Portnoy, P.C. Defendant
Portnoy was a partner in the professional corporation The Beinhaker Law Firm LLC.

7.     Defendant The Beinhaker Law Firm LLC is a law firm with principal place of business at
33 Bleeker Street, Suite 210, Millburn, NJ 07041.

8.     Defendant Law Offices of Vlad Portnoy, P.C. is a law firm with principal place of
business at 6 East 39th Street 6th Floor, New York, NY 10016.

9.     Defendant  Adam C. Wilner is an attorney licensed to practice law in the State of New
York, and a partner in the professional corporation Greenberg & Wilner, LLP.

10.     Defendant  Harvey L. Greenberg is an attorney licensed to practice law in the State of
New York, and a partner in the professional corporation Greenberg & Wilner, LLP.

11.     Defendant Greenberg & Wilner, LLP is a law firm with principal place of business at
60 East 42nd Street, Suite 4000, New York, NY 10165.

12.     Defendant Krysta L. Berquist is an attorney licensed to practice law in the State of New
York, and an employee of the Human Resources Administration of the City of New York,
150 Greenwich Street, 38th Floor, New York, NY 10007.

13.     Defendant Steven Banks is the Commissioner of the Department of Social Services of the City of New York with principal offices located at 150 Greenwich Street, New York, NY 10007.

14.     Defendant JPMorgan Chase Bank, N.A. is a national bank with its headquarters located at 270 Park Avenue, New York, NY 10017.

15.     Defendant Loren Baily-Schiffman is the judge for the Supreme Court of the State of New York, County of Kings, 360 Adams Street, Brooklyn, NY 11201

16.     Defendant Alla Sherbakov  is residing at 5632 Post Road, Bronx, New York 10471.

17.     Defendant Igor Sherbakov  is residing at 5632 Post Road, Bronx, New York 10471.

<u>BACKGROUND</u>

18.     Plaintiff Gitzis is suffering from coronary artery disease, prior open heart surgery, aortic valve replacement, coronary artery bypass surgery, and a history of atrial fibrillation, unsteady gait, degenerative joint disease, hypertension and type 2 diabetes.

19.     In January 2012, Plaintiff Gitzis suffered a stroke. As a result of the stroke Plaintiff Gitzis developed receptive and expressive language deficiencies.

20.     Plaintiff Gitzis suffers from a physical and mental impairment, that affects major life activities and the effect is substantial. He does have a record of having such impairment and is regarded as having such impairment.

21.     Therefore, Plaintiff Gitzis meets the statutory definition of "individual with a disability" as this term is defined in Title II of the ADA §35.104 for purposes of coverage under the Americans with Disabilities Act of 1990.

22.     Below is the sequence of events as they occurred with Plaintiff Gitzis from 1/10/2012 to 2/20/2013:

**1/10/2012** – Plaintiff Gitzis left New York for Florida;

**1/11/2012** – Plaintiff Gitzis arrived at Sunny Isle Florida with the intension to stay for at least a month;
**1/16/2012** – Plaintiff Gitzis felt something was medically wrong and told Alla Sherbakov that he had difficulty speaking. According to Plaintiff Gitzis, Defendant Alla Sherbakov is his third or fourth cousin. Alla Sherbakov told Mr. Gitzis that he was probably having a stroke. Mr. Gitzis decided to return to New York the next day;

**1/17/2012** – Plaintiff Gitzis took a bus, and then transferred to a train to New York;

**1/18/2012** – Plaintiff Gitzis arrived in Manhattan, called Alla and told her that he was not able to find his way to Brighton. Alla Sherbakov picked him up in Manhattan, drove Mr. Gitzis to her home in the Bronx. He stayed in her home for a few hours, before she drove Mr. Gitzis to Brighton and left him at Brighton 1st Road, Apt 7K;

**1/19/2012** – Defendant  Alla Sherbakov brought Plaintiff Gitzis to Melnik Law Group, PLLC located at 3072 Brighton 1st St Brooklyn, NY 11235. Medicaid planning is a key service that the legal team at Melnik Law Group, PLLC provides to clients. Plaintiff Gitzis paid $2,000 to Melnik Law group although he had no need for Medicaid planning at time. His out-of-pocket drug cost for the month of January 1st, 2012 through January 31st, 2012, for example, is equal to zero.

**1/23/2012** – Plaintiff Gitzis' birthday. Mr. Gitzis went outside and asked a stranger for help and was admitted to Coney Island Hospital.

**1/30/2012** – Plaintiff Gitzis was transferred to the Schulman and Schachne rehabilitation center.

**2/08/2012** – Plaintiff Gitzis signed a POA to Alla and Igor Sherbakov;

**2/15/2012** – Igor Sherbakov took everything from Plaintiff Gitzis' safe deposit box at CHASE Bank located on Brighton Beach Ave in Brooklyn NY;

**2/16/2012** – Defendant Alla Sherbakov withdrew $205,070, $2,072 and $160 from Mr. Gitzis' three different accounts with CHASE and deposited to her personal accounts at CHASE;

**2/16/2012** – Defendant Alla Sherbakov withdrew $51,977 from Plaintiff  Gitzis' Bank of America account and opened an irrevocable trust account with Bank of America by depositing $52,077 naming herself and her husband as trustees;

**2/17/2012** – Defendant Alla Sherbakov or Igor Sherbakov withdrew $503 from Mr. Gitzis' account at TD bank.

**2/18/2012** – Defendant  Alla Sherbakov or Igor Sherbakov forged Plaintiff Gitzis' signature on $1.28 withdrawal check and closed Gitzis's account at Valley National Bank;

**2/21/2012** – Defendant Alla Sherbakov or Igor Sherbakov withdrew $503 from Plaintiff Gitzis' account at TD bank.

**2/29/2012 – Plaintiff Gitzis was referred for Adult Protective Services (APS) by a social worker at the Schulman and Schachne rehabilitation center because Mr. Gitzis 'IS FINANCIALLY EXPLOITED BY A FEMALE, WHO MIGHT HAVE BEEN A DISTANT RELATIVE' (Alla Sherbakov). This referral was rejected because Mr. Gitzis was hospitalized at that time with no discharge date.**

**3/01/2012** – Defendant Alla Sherbakov transferred $197,398, $7,601 and $3,253 from her CHASE savings and two checking accounts back to Mr. Gitzis' savings account;

**3/08/2012** – Plaintiff Gitzis signed the statutory short-forms power of attorney appointing Plaintiff Galanova as his Attorney-in-Fact and granting authority pursuant to the General Obligation Law § 5-1502A through 5-1502O;

Plaintiff Galanova signed discharge instruction. Plaintiff Gitzis got released from the rehab under Ms. Galanova's care.

**3/14/2012** – Plaintiff Gitzis appointed Ms. Galanova his health care agent.

**3/22/2012 – Defendants Alla Sherbakov and/or Igor Sherbakov referred Plaintiff Gitzis for Adult Protective Services as he was 'BEING FINANCIAL EXPLOITED BY THE NEIGHBOR GALANOBA ARINA'**

**3/23/2012** – Alla Sherbakov and/or Igor Sherbakov arranged selling Mr. Gitzis' car (Plymouth Voyager) in Massachusetts.

**3/26/2012** – JASA's initial visit by Kurlene Smith (JASA's social worker).
**4/23/2012** – Dr. Klein performed a psychiatric evaluation of Mr. Gitzis.
**4/24/2012** – Kurlene Smith referred Plaintiff Gitzis' case to the District Attorney.
**5/09/2012** – Plaintiffs Gitzis and Galanova visited Karen Turner (unit chief, elder fraud unit – rackets division, Office of the District Attorney, Kings County) at Renaissance Plaza, 350 Jay Street, Brooklyn, NY 11201.
**5/22/2012** – Michael Maffai (JASA's supervisor) signed a DDS-3602B initial APS assessment/service plan form.
**8/10/2012** – Kurlene Smith referred Plaintiff Gitzis' case to the Office of Legal Affairs.
**12/6/2012** – Kurlene Smith referred Plaintiff Gitzis' case to the District Attorney a second time.

**2/20/2013 – Robert Doar, as the Commissioner of Social Services of the City of New York commenced a guardianship proceeding seeking to appoint JASA (JEWISH ASSOCIATION FOR SERVICES FOR THE AGED) as a community guardian of personal needs and property management of Mr. Gitzis, Index No. 100038/2013.**

The petition stated that

'PETER GITZIS is a client of the APS program in that it was determined that he satisfies the criteria for APS eligibility enumerated in Section 473 of the New York State Social Services Law, specifically: (a) PETER GITZIS is mentally impaired; (b) PETER GITZIS is at risk and is unable to protect his interests; and (c) PETER GITZIS has no one available who is willing and able to assist him responsibly.'

23.     The HRA record obtained in the course of Article 81 Guardianship proceeding, Index No. 100038/2013, failed to include the following:

     a) A written notice of eligibility determination and redetermination (pursuant to 18 NYCRR §457.13 and 18 NYCRR §404.1)
     b) A notice of the fee requirements (pursuant to 18 NYCRR §404.6)
     c) An application for social services (DSS 2921) (pursuant to 18 NYCRR §457.2)
     d) An authorization for services (pursuant to 18 NYCRR §404.7)

24.     On February 5, 2016, Kurlene Smith testified in the Supreme Court  under oath as follows:

```
          MR. DERMESROPIAN:    No, I am asking if there is
any notice or correspondence sent to the client notifying
the client that APS will be or is suggesting to provide
services.
A      No.
Q      Now, are you familiar with the notice of eligibility
determination?
A      The notice of eligibility - -
Q      Determination?
A      No.
```

25.     On March 31, 2016, Plaintiff  Gitzis signed the  statutory short-forms power of attorney appointing Plaintiff Galanova as his Attorney-in-Fact and granting authority pursuant to the General Obligation Law § 5-1502A through 5-1502O.

26.     The transcript of the May 5th, 2016, Index No. 100038/2013, reads:
```
Page 21:
          MR. BELLOVIN:  I appreciate it.
          One more point I want to make as long as your
Honor permits me to.    404.01,    18 NYCRR 404.1 is
entitled Notice of Eligibility Determination.    There's
very specific notice requirement in this subsection F.
And for example, a notice of eligibility or ineligibility
shall be sent to application of recipients within fifteen
calendar days after the determination has been made. Two, a
notice of eligibility must contain information --
```

THE COURT:      I'm going to stop you.

Pages 22 – 23:

       MS. BERQUIST:  I'll respond to it, but
Mr. Gitzis certainly was provided with notice by Adult
Protective Services.  He had a opportunity to appeal
that determination that he was eligible for service.
He had a Article 78 proceeding and he failed to do that.

       THE COURT:      Okay, and the notice that you're
talking about is done how?

       MS. BERQUIST:  Done by writing.

       THE COURT:  It's not the Article 81 petition,
it's something else?

       MS. BERQUIST: Correct. It's a city form
that's sent to the potential client for service.

Pages 25 – 26:

       MS. BERQUIST: I just want to correct something
that I said.  I now remember there is before the Article
78, there is a fair hearing procedure at Borum Place prior
to the 78.

       THE COURT: And that wasn't requested either?

       MS. BERQUIST:  And that wasn't requested either.

       MR. DERMESROPIAN:     Which is a basis we argue
right now.  There was never a fair hearing.

       THE COURT:      He never asked for a fair hearing.
It's his obligation to ask.

       MR. DERMESROPIAN:     But your Honor, there is
documentation that he's supposed to receive and he could
ask for a fair hearing depending on the decision
of them deciding that he needs --

       THE COURT:      Okay.

           MR. DERMESROPIAN:    But this was never done. He
was never given that opportunity.
           THE COURT:  Let me ask another question because
the procedure as to what we're dealing with, I am
completely unaware of it.
           Does there need to be that administrative process
prior to A.P.S. bringing in a Article 81 petition?
           MS. BERQUIST:    No.
           MR. DERMESROPIAN:    We know there's an
obligation.  It's mandatory this proceeding takes place
and he's given a opportunity to ask for a fair hearing.
None of this happened. The case went to court.


27.    On September 12, 2016, Plaintiff Galanova requested a Fair Hearing to affirm the
statement that Gitzis never received a notice of eligibility determination or a notice of fee
requirements and thus determine if Gitzis was eligible for Adult Protective Services.

28.    On March 9, 2017, in the course of the Fair Hearing No: 7380579P, Patricia Comblo, Esq
(Office of Legal Affairs, 150 Greenwich Street 38th Floor, New York, New York 10007)
presented a copy of a notice of eligibility determination dated 5/28/2012.

For the following reasons, the notice of eligibility determination provided by Mr. Comblo was
fraud.
It stated:         Borough Director: Gili Hershuvich
                   Borough Office:   JASA Brooklyn
                   44 Court Street
                   Brooklyn, NY 11201
                   Tel: (718) 943-7723
                   Fax: (718) 943-7782


However, for the period from January 2012 through December  2013, Gili Hershkovich was a
Senior Director, JASA Adult Protective Services with office at
                   247 West 37th Street 9th Floor, New York, NY 10018
                   Tel: 212-273-5216
                   Fax: 212-695-4331.

The notice of eligibility determination failed to include information concerning the type of service to be provided (pursuant to 18 NYCRR §404.1), any required fee for services (pursuant to 18 NYCRR §404.6), and the duration of service planned.

It stated: **'Effective date of eligibility for protective services is 5/28/12 and protective services will continue until further notice.'**

However, pursuant to 18 NYCRR §404.1(d) (2)(i) 'Programmatic eligibility must be redetermined periodically but not less frequently than every 12 months'

The notice of eligibility determination to APS referrer incorrectly referenced Igor Sherbakov as Ms. Sherbakov. However, Igor Sherbakov is the husband of Alla Sherbakov.

The notice of eligibility determination was signed by Kurlene Smith (JASA's caseworker) and Michael Maffai (JASA's supervisor). Ms. Smith first name was misspelled. Ms. Smith and Mr. Maffai's signatures were not consistent with their known signatures on documents provided by HRA in the guardianship proceeding, Index No. 100038/2013.

29.     The notice of eligibility determination was not authenticated by any witness as containing the signatures of Kurlene Smith and Michael Maffai.

30.     No witness affirmed that Gitzis ever received the notice of eligibility determination dated 5/8/2012 and supposedly signed by Kurlene Smith and Michael Maffai.

31.     No evidence was submitted that the notice of eligibility determination for Adult Protective Services was ever mailed to Mr. Gitzis.

32.     In the course of the Article 81 proceeding, Index No.: 100038/2013, Defendant Berquist submitted a city petitioner's trial summation dated July 8, 2016.

On page #1 Defendant Berquist stated:

"It is undisputed that Peter suffered a stroke on January 23, 2012… Prior to his stroke, as part of estate planning effort, Peter Gitzis signed a Power of Attorney naming his cousin Alla Sherbakov as his Attorney-in-Fact."

This is a misstatement as the above mentioned POA was signed on February 8, 2012 – just two weeks after his stroke.

33.     On the same page #1, Defendant Berquist asserted:

"During the pendency of this proceeding, Peter Gitzis transferred one of his properties, located at 180 Mackenzie Street, Brooklyn, to his neighbor."

This is a misstatement as well, as Mr. Gitzis transferred the above mentioned property on December 31, 2012 and aproximately two months prior the commencement of proceeding, Robert Doar, as the Commissioner of Social Services of the City of New York v. Peter Gitzis, Index No.100038/2013.

34.     Lastly, on page #6 Defendant Berquist asserts:

"Petitioner requests the appointment of a guardian in this matter to protect Peter Gitzis's person and property. Petitioner has proven by clear and convincing evidence that Peter Gitzis is likely to suffer harm because he is unable to provide for his personal needs and property management and he cannot adequately understand and appreciate the nature and consequence of such inability. Peter Gitzis will suffer harm without the appointment of a guardian. Petitioner requests the appointment of a neutral third-party guardian to manage Peter Gitzis's person and property."

35.     Defendant Berquist asserted material facts that are not true.

36.     Defendant Berquist is guilty of intentional fraud, deceit and collusion.

37.     JASA/HRA record lacks any evidence that Mr. Gitzis was ever eligible for any adult protective services under N.Y. Soc. Serv. Law §473 and 18 NYCRR §457.1(c).

38.     Mr. Gitzis was not in receipt of PSA at the time he was referred to the office of Legal Affairs and at the time of the HRA petition for appointment of a guardian.

39.     Thus, eligibility requirements for bringing a petition to appoint a community guardian as guardian for a person pursuant to N.Y. Soc. Serv. Law §473(1) and §473-D (2) and 18 NYCRR §457.12(c) were never met:

**New York Social Services Law § 473-d. Community guardianship**
2.   A social services official may contract with a community guardian program for the provision of conservatorship or committeeship services.   A social services official may bring a petition to appoint a community guardian program as conservator or committee for a person only if the person is:
(a) eligible for and in receipt of adult protective services, as defined in section four hundred seventy-three of this chapter, at the time of the petition; and
(b) without a capable friend or relative or responsible agency willing and able to serve as conservator or committee; and
(c) living outside of a hospital or residential facility, or living in a hospital or residential facility and appointment of the community guardian program is part of a plan to return such person to the community.

**18 NYCRR § 457.12 Community guardianship.**
**(c) Eligibility requirements.**
A social services official may bring a petition to appoint a community guardian as guardian for a person only if the person is:
(1) eligible for and in receipt of PSA, as defined in section 457.1(b) of this Part at the time of the petition; and
(2) without a capable friend or relative or responsible agency willing and able to serve as guardian; and
(3) living outside of a hospital or residential facility, or living in a hospital or residential facility and appointment of a community guardian is part of a discharge plan to return such person to the community.

40.     **As of May 5, 2016, Defendant Baily-Schiffman knew that The Supreme Court of the State of New York, County of Kings lacked the personal jurisdiction on the bases that Plaintiff Gitzis was not eligible for any adult protective services and not in receipt of PSA at the time a guardianship petition was filed.**

41.     On October 12, 2017, Defendant Baily-Schiffman appointed Defendant Portnoy a Guardian of the Property of Peter Gitzis, Index No. 100038/2013.

Pursuant to **New York Mental Hygiene Law § 81.42**   Compliance
"(b)  A judgment or order made pursuant to this article, unless reversed on appeal, releases the guardian and the sureties from all claims of the incapacitated person and/or any person affected thereby based on any act or omission directly authorized, approved or confirmed in the judgment or order.  This section does not apply where the judgment or order is obtained by fraud or conspiracy or by misrepresentation contained in the notice, petition, account, or in the judgment or order as to any material fact.   For purposes of this subdivision, misrepresentation of a material fact includes but is not limited to the omission of a material fact."

42.     On October 12, 2017, Defendant Baily-Schiffman also
"ORDERED that any Powers of Attorney of Peter Gitzis that have been signed since this proceedings was filed are hereby vacated."

43.     However, on October 21, 2017, Mr. Gitzis signed the  statutory short-forms power of attorney appointing Plaintiff Galanova as his Attorney-in-Fact and granting authority pursuant to the General Obligation Law § 5-1502A through 5-1502O.

44.     On November 8, 2017, Defendant Portnoy signed OATH AND DESIGNATION AS GUARDIAN. It reads:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS _____ X

In the Matter of the Application of _Robert Dear_

                                    Petitioner

For the appointment of a Guardian for
Peter Gifris,
                    An Incapacitated Person _____ X

**OATH AND**
**DESIGNATION AS**
**GUARDIAN**

Index No. _100038/2013_

STATE OF NEW YORK
COUNTY OF KINGS

      (1)   OATH OF THE GUARDIAN
          _Vlad Portnoy_ , being duly sworn, deposes
      and says:

    (a)  I am a citizen of the United States and over the age of eighteen (18) years,

    (b)  I will well, faithfully and honestly discharge the duties in me as Guardian ~~for the Personal Needs and Special Guardian~~ of the Property Management of
        _Peter Gifris_ whom the Court has found to be incapacitated.

      (2)   DESIGNATION OF THE CLERK FOR SERVICE OF PROCESS:

    (a)   I, _Vlad Portnoy_ with principal place of business at
               residing at _6 East 39 St., 6 Fl, NY NY 10016_,
      as Guardian for _Peter Gifris_ , who resides at
    _40 Brighton First Rd._ -7-J, Brooklyn, New York , Kings County,
    hereby designate the Clerk of the Supreme Court, Kings County, and his successor
    in office as the person on whom service of any process issuing from said Court in
    the proceeding, or in any other proceeding, which shall affect the ~~person or~~
    property of _Peter Gifris_ , the incapacitated person, in like manner and
    with like effect as if it were served personally upon me whenever I cannot be
    found and served within the State of New York after due diligence is used.

**Dated:**   Brooklyn, New York

Nov 8, 2017

                                                      GUARDIAN

**ACKNOWLEDGMENT**

STATE OF NEW YORK  :
COUNTY OF KINGS    :

   On the _NOV 0 8 2017_ , 2006, before me personally appeared
_Vlad Portnoy_ , to me known and known to me to be the individual
described in and who executed the foregoing Combined Oath and Designation of Guardian,
and she personally acknowledged to me that she executed the same.

**NOTARY PUBLIC**

10 Oath and Designation.doc

ZVI J INDIG
NOTARY PUBLIC, State of New York
No. 01IN6236559
Qualified in Kings County
Commission Expires February 26, 2019

2017 NOV 8- PM 12:36
FILED
KINGS COUNTY CLERK

45.     On March 13, 2018, Defendants Portnoy and JPMC opened, at JPMorgan Chase Bank, N.A. a guardianship account No. 422433792, VLAD PORTNOY ESQ AS GRDN OF THE PROPERTY MANAGEMENT OF PETER GITZIS AN INCAPACITATED PERSON.

46.     On April 24, 2018, Defendants Portnoy and JPMC placed a hold on Plaintiffs' checking account at JPMorgan Chase Bank No. 581662595 that expires on December 31, 2099.

47.     On May 10, 2018, Defendant JPMC placed a stop payment on two checks, Online Payments 7031481308 and 7031481314 sent by Plaintiff Galanova to pay maintenance bills for the two properties located at 40 Brighton First Road, units 7D and 7J respectively.

48.     Plaintiffs Galanova and Gitzis opened account No. 581662595 at JPMorgan Chase Bank, N.A. on April 5, 2014 and used this account to pay Plaintiff's numerous utility, maintenance and medical bills etc.

49.     Plaintiff Galanova was a Primary Joint owner of account No. 581662595 at JPMorgan Chase Bank, Plaintiff Gitzis was a Secondary Joint owner on this account.

50.     On April 17, 2018, Defendant Portnoy files a motion in the Supreme Court of the State of New York, County of Kings, Index No: 100038/13.

It reads:

"RELIEF
REQUESTED:    An Order of this Court:

    1)    Appointing attorney for Guardian of Property of Peter Gitzis admitted in Southern District of New York;
    2)    Appointing attorney for Guardian of Property of Peter Gitzis admitted in Eastern District of New York;
    3)    Appointing Vlad Portnoy, Esq., as Attorney for Guardian of Property of Peter Gitzis;
    4)    Permitting Guardian of Property to obtain keys to the residence of Peter Gitzis;
    5)    Permitting Guardian of Property access to the residence of Peter Gitzis;
    6)    Permitting sale of the Manhattan Beach, Brooklyn, NY, and Sunny Isles Beach, Florida, properties, or in alternative appoint Counsel to file Notice of Pendency for Sunny Isles Beach, Florida, property, and permitting retaining services of property management companies in regards to said properties;
    7)    Issuing an order with specific language to facilitate filing of Notice of Pendency against cooperative apartments;
    8)    Permitting leasing of Unit 11-M at 40 Brighton First Road, Brooklyn, New York 11235;
    9)    Setting schedule for visitations of Jacob Gitzis;

           10)    Amending Final Order and Judgement to permit marshaling the assets without the bank account numbers;

           11)    Granting such other and further relief as this Court may deem just and proper."

51.    On May 15, 2018, Defendants Portnoy and JPMC closed the following accounts at JPMorgan Chase Bank, N.A. and transferred balance to the guardianship account No. 422433792

    A) Checking account No. 0794655357 – balance  $69,473.03
    B) Savings account   No. 3016102237 – balance $150,468.50
    C) Checking account No. 0581662595 – balance    $3,884.24

52.    Plaintiff Gitzis' Social Security checks in the amounts of $826 (prior 2014), $840 (as of January,  2014) and  $856 (as of  January, 2015) were deposited into this account.

53.    Upon information and believe, Defendants Portnoy and JPMC have not completed form **SSA-11** (Request to be selected as payee).

    Social Security law and regulations require payees to use the payments they receive for the current needs of the beneficiary and in their best interests.

54.    The Treasury Department does not recognize Power of Attorney for negotiating federal payments, including Social Security checks.

55.    Therefore, Plaintiff Galanova contacted Gail Pimento, a Branch Manager at 55 Water Street New York, NY 10041. Ms. Pimento  was not able to help with the re-opening of Plaintiff Gitzis' checking account JPMorgan Chase Bank, N.A, No. 0794655357.

## CHASE PREMIER PLAT (...5357) >

| Available balance | Present balance | Overdraft protection | Debit card coverage |
|---|---|---|---|
| −$9,999,930,527.48 | $69,472.51 | Off | Off |

On hold (1)                                                    Total on hold $9,999,999,999.99

| Date | Reason | Expires | Amount |
|---|---|---|---|
| Feb 10, 2014 | We've received a notification that requires us to place a hold on your account. | Dec 31, 2099 | $9,999,999,999.99 |

SHOWING    All transactions

| Date | Description | Type | Amount | Balance |
|---|---|---|---|---|
| Apr 25, 2018 | SSA TREAS 310 XXSOC SEC PPD ID: 9031736013 ACH credit | ACH credit | $856.00 | $69,472.51 |
| Apr 16, 2018 | INTEREST PAYMENT Misc. credit | Misc. credit | $0.59 | $68,616.51 |
| Mar 28, 2018 | SSA TREAS 310 XXSOC SEC PPD ID: 9031736013 ACH credit | ACH credit | $856.00 | $68,615.92 |
| Mar 15, 2018 | INTEREST PAYMENT Misc. credit | Misc. credit | $0.51 | $67,759.92 |
| Feb 28, 2018 | SSA TREAS 310 XXSOC SEC PPD ID: 9031736013 ACH credit | ACH credit | $856.00 | $67,759.41 |
| Feb 15, 2018 | INTEREST PAYMENT Misc. credit | Misc. credit | $0.52 | $66,903.41 |
| Jan 24, 2018 | SSA TREAS 310 XXSOC SEC PPD ID: 9031736013 ACH credit | ACH credit | $856.00 | $66,902.89 |
| Jan 17, 2018 | INTEREST PAYMENT Misc. credit | Misc. credit | $0.59 | $66,046.89 |
| Dec 27, 2017 | SSA TREAS 310 XXSOC SEC PPD ID: 9031736013 ACH credit | ACH credit | $856.00 | $66,046.30 |
| Dec 15, 2017 | INTEREST PAYMENT Misc. credit | Misc. credit | $0.53 | $65,190.30 |
| Nov 22, 2017 | SSA TREAS 310 XXSOC SEC PPD ID: 9031736013 ACH credit | ACH credit | $856.00 | $65,189.77 |
| Nov 15, 2017 | INTEREST PAYMENT Misc. credit | Misc. credit | $0.50 | $64,333.77 |
| Oct 25, 2017 | SSA TREAS 310 XXSOC SEC PPD ID: 9031736013 ACH credit | ACH credit | $856.00 | $64,333.27 |

56.     Social Security Administration mailed the following Notice of Change in Plaintiff Gitzis'
Benefits:

## Social Security Administration
### Retirement, Survivors and Disability Insurance
Notice of Change in Benefits

Northeastern Program Service Center
1 Jamaica Center Plaza
Jamaica, New York 11432-3898
Date:  June 6, 2018
Claim Number:   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A

0000324 00000324     1 MB  0 424  0530M5RST1P1 T1 P1
PETER GITZIS
180 MACKENZIE ST
BROOKLYN NY 11235-2304

We are writing to tell you that your payment of $856.00 for May 23, 2018 was
returned to us.

**Why We Cannot Pay You**

We must stop your payments because we do not have a correct address.  You
may select a financial institution to receive your benefits, but we still need a
current address.

**Suspect Social Security Fraud?**

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline
at 1-800-269-0271 (TTY 1-866-501-2101).

57.     Pursuant to **42 USC §407. Assignment of benefits**

**(a) In general**

   The right of any person to any future payment under this subchapter shall not be transferable
or assignable, at law or in equity, and none of the moneys paid or payable or rights existing
under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal
process, or to the operation of any bankruptcy or insolvency law.

58.   U.S.DEPARTMENT OF HEALTH & HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS) mailed a CMS-500 Form (MEDICARE PREMIUM BILL)  dated 10/26/2018 to the following address:

PETER GITZIS
180 MACKENZIE ST
BROOKLYN NY 11235-2304

**Ways to pay your bill:**
* Pay online at your bank's website
* Sign up for Medicare Easy Pay
* Make a check or money order payable to "CMS Medicare Insurance"
* Use Visa, MasterCard, American Express, or Discover

Send payment with the coupon at the bottom to:
**Medicare Premium Collection Center**
**P.O. Box 790355**
**St. Louis, MO 63179-0355**

 D8602-DES-0144637-T03585 *********ALL FOR AADC 112
PETER GITZIS
180 MACKENZIE ST
BROOKLYN NY 11235-2304
ՊֈՈֈՊֈՈֈՈֈՈֈՈֈՈֈՈֈՈֈՈֈՈֈՈ

| | Coverage Periods | Part A (Hospital Insurance) | + | Part B (Medical Insurance) | + | IRMAA Part D | = | Total Amount |
|---|---|---|---|---|---|---|---|---|
| Amount due for Part A and/or Part B | 12/01/2018-02/28/2019 | | | $398 00 | | | | $398.00 |
| Past due amount for Part A and/or Part B | 09/01/2018-11/30/2018 | | | $635 00 | | | | $635.00 |
| Amount due for IRMAA Part D | | | | | | | | |
| Past due amount for IRMAA Part D | | | | | | | | |

| | |
|---|---|
| Part A termination date: | |
| Part B termination date:  11/30/2018 | Total amount due:  $1,033 00 |
| Part D termination date: | Payment in full due by:  11/25/2018 |

Please send your full payment by ___11/25/2018___. Your payment is late if Medicare gets it after this date. If your bill says "Delinquent" at the top, you must pay your bill in full by this date, or you could lose your coverage and you may not be able to get your coverage back right away.Partial payment may not stop you from losing your coverage.

Your bill shows new amounts and past amounts we didn't get by your last bill's due date.
We got your last payment of ___$280.50___ on ___08/16/2007___.

O144637

See other side for important information, including who to contact if you have questions.

▽ Don't send notes or letters with your payment. Cut at dotted line and return bottom with payment. ▽



59.     The following Fidelis letter dated November 19, 2018 notified Plaintiff Gitzis that his membership in Fidelis Medicare Advantage Flex ended on 11/30/2018:



November 19, 2018


PETER GITZIS
40 Brighton 1st Road
Apt 7J
BROOKLYN, NY 11235


Dear PETER GITZIS:

Medicare has told us that you will no longer have Medicare Part B. You need to have coverage under both Medicare Part A and Part B to remain enrolled in a Medicare Advantage plan. Therefore, your membership in Fidelis Medicare Advantage Flex will end on 11/30/2018. If this information is wrong, and you want to stay a member of our plan, please contact us. Also, if you haven't already done so, please contact your local Social Security office to have their records corrected.


60.     Plaintiff Galanova provides Plaintiff Gitzis with Metlife Dental Option A Benefits, Vision VSP Option B and Hyatt Legal Assistance Coverage.


61.     Plaintiffs Galanova and Gitzis have legitimate interest in the following properties:

        180 MacKenzie Street (Block 8755, Lot 48)
        40 Brighton 1st Road, Apt  6D  (Block 8680, Lot 1, Apt  6D)
        40 Brighton 1st Road, Apt  7D  (Block 8680, Lot 1, Apt  7D)
        40 Brighton 1st Road, Apt  7K  (Block 8680, Lot 1, Apt  7K)
        40 Brighton 1st Road, Apt 11M  (Block 8680, Lot 1, Apt 11M)
        210 174th Street, Apt 1806      (Folio #31-2211-046-1240)

62.     New York is an equitable distribution state.

Equitable distribution considers all property acquired by either spouse from the beginning of the marriage until separation or the filing of a matrimonial action to be "marital property. The legislature's choice to define marital property broadly recognizes the expectation that each spouse has in the future use and ownership of the property obtained by the partnership.

**New York Consolidated Laws, Domestic Relations Law - DOM § 236(B)(1)**
"c.     The term "marital property" shall mean all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, except as otherwise provided in agreement pursuant to subdivision three of this part.   Marital property shall not include separate property as hereinafter defined.
d.   The term separate property shall mean:
(1)  property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse;
(2)  compensation for personal injuries;
(3)  property acquired in exchange for or the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse;
(4)  property described as separate property by written agreement of the parties pursuant to subdivision three of this part."

63.     Defendant Baily-Schiffman  and The Supreme Court of the State of New York, County of Kings  lacks the jurisdiction over Plaintiffs' marital and separate property.

64.     On June 29, 2017, Plantiffs Galanova and Gitzis commenced a proceeding in the United States District Court for the Southern District of New York, case # 1:17-cv-04915-VSB.

65.     On June 27, 2018, Defendants Wilner and Greenberg signed and entered a NOTICE OF APPEARANCE.

It states:

"To the Clerk of the Court and All parties of Record:

Please enter my appearance as counsel for VLAD PORTNOY, As Guardian of the Property of

PETER GITZIS, an incapacitated person, in the above entitled action. Kindly direct

all papers and communications in this action be served upon the undersigned at the office and

post office address stated below."

66.    Pursuant to Fed. R. Civ. P. 17(c)(1)(A),  Defendant Portnoy may not sue on behalf of Plaintiff Gitzis.


**Fed. R. Civ. P. 17(c)** MINOR OR INCOMPETENT PERSON.
    (1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
    (A) a general guardian;
    (B) a committee;
    (C) a conservator; or
    (D) a like fiduciary.

        General guardian is a guardian who has general care and control of the ward's person and estate. Such a guardian is responsible for both the personal well-being and the financial interests of the ward.

        Therefore, Defendant Portnoy may not retain Defendants Wilner and Greenberg to act as counsels "for VLAD PORTNOY, As Guardian of the Property of PETER GITZIS" in the proceeding 1:17-cv-04915-VSB.

        Consequently, Adam C. Wilner, Esq. and Harvey L. Greenberg, Esq. may not appear on behalf of Plaintiff Gitzis.


67.    Moreover, Defendant Portoy failed to file a NOTICE OF APPEARANCE AS GUARDIAN AD LITEM, case # 1:17-cv-04915.

68.    It is undisputed that the Judgment and Order appointing Vlad Portnoy, Esq. as the guardian of property of Mr. Gitzis and the Order authorizing and permitting Vlad Portnoy, Esq. to retain counsel duly qualified to practice in the United States District Court, Southern District of New York, as attorney for the property interests of Vlad Portnoy, Esq., as Guardian of Property of PETER GITZIS were obtained by fraud, conspiracy and by misrepresentation of material facts.

        Defendants, Vlad Portnoy, Esq., Adam C. Wilner, Esq. and Harvey L. Greenberg, Esq. are liable for all legal fees and damages Plaintiffs Galanova and Gitzis would incur as a result of their actions in this proceeding.

69.    On October 15, 2018, Defendant Greenberg filed a LETTER MOTION TO DISCONTINUE ACTION, case # 1:17-cv-04915-VSB.

70.     Defendants Greenberg and Wilner violated Local Civil Rule 7.1(a) of the United Staes District Courts for the Southern and Eastern Districts of New York.

**Local Civil Rule 7.1. Motion Papers**

(a) Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers:

(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

(3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

(d) Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters as permitted by the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, may be brought by letter-motion filed via ECF pursuant to Local Civil Rule 5.2(b).

71.     Defendants  JPMorgan Chase Bank, N.A. is guilty of the unjustified wasting of Plaintiffs' marital assets, financial exploitation and emotional abuse.

72.     Defendants Berquist, Portnoy,Beinhaker, Wilner and Greenberg are guilty of the unjustified waste and misappropriation of Plaintiffs marital and separate property.

73.     Defendants Portnoy, Beinhaker, PortnoyPC are guilty of intentional fraud, deceit and collusion.

74.     Defendant Portnoy deprived Plaintiffs Galanova and Gitzis of theire constitutional and due process rights.

75.     Defendants, Vlad Portnoy, The Beinhaker Law Firm LLC, Law Offices of Vlad Portnoy, P.C., Adam C. Wilner, Harvey L. Greenberg, Greenberg & Wilner, LLP, Krysta L. Berquist violated Plaintiffs' rights under 42 U.S.C. §§ 1981, 1982, 1985 and 1986, and  the Due Process clauses of the 14th Amendment to the United States Constitution, U.S. Const. Amend. XIV, §1.

76.     Defendants, Vlad Portnoy, The Beinhaker Law Firm LLC, Law Offices of Vlad Portnoy, P.C., Adam C. Wilner, Harvey L. Greenberg, Greenberg & Wilner, LLP, Krysta L. Berquist violated Part 1200 Rules of Professional Conduct.

77.     Defendants, Vlad Portnoy, The Beinhaker Law Firm LLC, Law Offices of Vlad Portnoy, P.C., Adam C. Wilner, Harvey L. Greenberg, Greenberg & Wilner, LLP, Krysta L. Berquist egregious misconduct in violation of applicable statutory requirements, policies, and procedures constitutes a pattern of extreme legal delinquency in violation of New York Judiciary Law § 487.

78.     As a direct result of Defendants' conduct, Plaintiff Galanova suffered damages and emotional distress.

79.     Therefore, Plaintiff Galanova is entitled to treble and punitive damages in an amount to be proven at trial and not less than $250 million.
accrued.

## FIRST CAUSE OF ACTION

80.     Defendants, Krysta L. Berquist, Loren Baily-Schiffman and Steven Banks, as the Commissioner of the Department of Social Services of the City of New York violated Plaintiffs' rights under the N.Y. Soc. Serv. Law § 22 and its implementing regulations;

## SECOND CAUSE OF ACTION

81.     Defendants, Vlad Portnoy, Krysta L. Berquist, Loren Baily-Schiffman and Steven Banks, as the Commissioner of the Department of Social Services of the City of New York violated Plaintiffs' rights under the Americans with Disabilities Act of 1990 Title II §35.130 by subjecting Plaintiff Gitzis to discrimination on the basis on his disability in providing service that is not equal to that afforded others and  is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, and to reach the same level of achievement as that provided to others;

## THIRD CAUSE OF ACTION

82.     Plaintiff Gitzis as an individual with a disability, had a right not to accept Adult Protective Services including frivolous Article 81 Guardianship proceeding, Robert Doar, as the Commissioner of Social Services of the City of New York v. Peter Gitzis, Index No. 100038/2013.
Defendants, Vlad Portnoy, Krysta L. Berquist, Loren Baily-Schiffman and Steven Banks, as the Commissioner of the Department of Social Services of the City of New York violated Plaintiffs' rights under the Americans with Disabilities Act of 1990 Title II §35.130 (e)(1) and §35.160.

## FOURTH CAUSE OF ACTION

83.     Defendants, Vlad Portnoy, Krysta L. Berquist, Loren Baily-Schiffman and and Steven Banks, as the Commissioner of the Department of Social Services of the City of New York Alla Sherbakov and Igor Sherbakov violated Plaintiff Galanova's rights under the ADA of 1990 Title II §35.134.

## FIFTH CAUSE OF ACTION

84.     Defendants Vlad Portnoy, The Beinhaker Law Firm LLC, Loren Baily-Schiffman, Steven Banks, as the Commissioner of the Department of Social Services of the City of New York, JPMorgan Chase Bank, N.A., Alla Sherbakov and Igor Sherbakov violated Plaintiffs' rights under 42 U.S.C. §§ 1981, 1982, 1985 and 1986.

## SIXTH  CAUSE OF ACTION

85.     Defendants, Vlad Portnoy, The Beinhaker Law Firm LLC, Loren Baily-Schiffman and Steven Banks, as the Commissioner of the Department of Social Services of the City of New York violated Plaintiffs rights under the Due Process clauses of the 14th Amendment to the United States Constitution, U.S. Const. Amend. XIV, §1.

## SEVENTH CAUSE OF ACTION

86.     Defendants, Vlad Portnoy, The Beinhaker Law Firm LLC, Law Offices of Vlad Portnoy, P.C., Adam C. Wilner, Harvey L. Greenberg, Greenberg & Wilner, LLP, Krysta L. Berquist actions and egregious misconduct constitutes a chronic and extreme pattern of legal delinquency in violation of New York Judiciary Law § 487.


        WHEREFORE, Plaintiffs Galanova and Gitzis respectfully demand judgment against defendants for the following relief:

1.      Declaring that Defendants violated Plaintiffs rights under N.Y. Soc. Serv. Law § 22 and its implementing regulations, the Americans with Disabilities Act of 1990 Title II §35.130, §35.134 and §35.160; 42 U.S.C. §§ 407, 1981, 1982, 1985 and 1986; 18 U.S.C. §§ 1951, 1957, the Due Process clauses of the 14th Amendment to the United States Constitution, U.S. Const. Amend. XIV, § 1 and the New York Judiciary Law § 487;

2.      Terminate guardianship;

3.      Terminate Defendant Portnoy's as guardian of property management account at JPMorgan Chase Bank, N.A. # 422433792 and restore funds in Plantiff's accounts at JPMorgan Chase Bank, N.A.;

4.      Damages, punitive and treble damages, pre and post judgment interest, attorney's fee pursuant to statute and cost, and such other relief as this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiffs respectfully demand a trial by jury.

Dated:  New York, Brooklyn
          February 15, 2019

40 Brighton First Road Apt 7J,
Brooklyn, NY 11235

                              Respectfully Submitted,


                              _Irina Galanova_
                              Irina Galanova


                              _Peter Gitzis_
                              Peter Gitzis